[Civ. No. 2948.   First Appellate District, Division One.—June 12, 1919.]

## HARTFORD ACCIDENT AND INDEMNITY COMPANY (a Corporation), Petitioner, v. THE INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—COMPENSATION OF WAITER—INCLUSION OF TIPS.—Under the Workmen's Compensation Act, as amended in 1915, the Industrial Accident Commission, in computing the allowance to an injured employee, may take into consideration the amount received by such employee in tips.

PROCEEDING on Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

Hadsell, Sweet & Ingalls for Petitioner.

A. E. Graupner for Respondents.

RICHARDS, J.—This is an application for a writ of review. The petitioner was the insurer of one A. J. Wagner at the time of the injury for which compensation was sought by one H. F. Weidemann, an employee of said

Wagner. Weidemann was a waiter employed in a hotel owned and operated by his employer in Stockton, California, on August 15, 1916, the date of his injuries. According to the findings of the Industrial Accident Commission he was at that time earning $45 per month in regular wages and his board, amounting to $30 per month. In addition to the foregoing earnings he received tips averaging $1.25 per day. The commission based its award not only upon the aforesaid regular wages and board of the applicant for compensation, but also upon the amount so being received by him in tips at the time of his injury. It is this portion of the award to which the petitioner herein objects in this proceeding, basing its objection upon the following two grounds: First, that the undisputed evidence showed that the applicant for compensation was paid the sum of $5 per month more than other waiters, which was to be in lieu of tips and which was included in his regular wages of $45 per month, for which allowance in his award was fully made; second, that under the Workmen's Compensation Act of California (Stats. 1913, p. 279), tips are not the proper subject of an allowance in the case of injured employees.

As to the first of the foregoing contentions, we do not find it is borne out by the evidence in the case. The applicant for compensation was one of the waiters in the establishment of his employer, but in addition to his regular duties as such he was required during a portion of his time to absent himself from the regular dining-room in order to wait upon the officers and certain other employees of the hotel in their private dining-room, and for this special service he received an extra $5 per month. It does not appear that this increase in wages was expressly to be in lieu of all the tips he would receive in the course of his regular duties. The findings of the commission, on the contrary, would seem to show that during such regular service he actually did receive a sum averaging $1.25 per day from that source, upon the basis of which the extra allowance was made which is objected to in this proceeding. The first point urged by the petitioner is, therefore, without merit.

[1] As to the petitioner's second objection, viz., that tips are not to be made the basis of an allowance to an

injured employee under our California statute, we are also unable to give our assent to the petitioner's contention. It is insisted first that under the terms of the Workmen's Compensation Act the remuneration received by the employee and which forms the basis of the award must come directly from the employer; second, that tips, not being included in the employer's pay-roll, could not be considered in calculating an award; third, that the insurer's policy does not cover remuneration other than that which passes from employer to employee. The answer to these several contentions is contained in section 17b of the Workmen's Compensation Act as amended in 1915, (Stats. 1915, p. 1087), which reads as follows: "In determining such average weekly earnings, there shall be included the market value of board, lodging, fuel and other advantages received by the injured employee, as part of his remuneration, and which can be estimated in money, but such average weekly earnings shall not include any sum which the employer paid to the injured employee to cover any special expenses entailed on him by the nature of his employment."

We are satisfied that the phrase "other advantages received by the injured employee as part of his remuneration and which can be estimated in money" is broad enough to permit the inclusion of tips in the "average weekly earnings" of such employee upon which the amount of his award is to be calculated. There is nothing in the act which can be construed as restricting the earnings of the employee either to those which the employer directly pays to him in the form of wages or to those which are embraced within the employer's pay-roll. The Workmen's Compensation Acts of this country are, generally speaking, based upon the English Workman's Compensation Act, and the rulings of the commission and courts of England are persuasive where the language of the statutes is not materially dissimilar. The question as to whether tips were to be considered in estimating the compensation of injured employees has been uniformly decided in favor of their inclusion under the English statute. (*Penn* v. *Speirs etc.* [1908], 1 K. B. 766, 4 B. W. C. C. 401; *Skailes* v. *Blue Anchor Line* [1911], 1 K. B. 360, 4 B. W. C. C. 16; *Knott* v. *Tingle etc. Co.,* 4 B. W. C. C. 55; *In re Great Northern Ry. Co.,* 7

41 Cal. App.—35

W. C. C. 177; *Helps* v. *Great Western Ry.,* W. C. & Ins. Rep. 199.)

The statutes of Massachusetts and New York, whose statutes are even less broad in their definition as to what earnings of the employee are to be made the basis of his award, have each followed the English rule as declared in the foregoing cases and proceedings. (*Hatchman* v. *New England Casualty Co.,* 2 Mass. I. A. B. 419; *Sloate* v. *Rochester Taxi Co.,* 221 N. Y. 491, [116 N. E. 1076].)

In the latter case the court quite aptly says: "The employee could not have received the tips if the employer had not put him in the way of getting them, and we may conclude that the tips were an advantage received from the employer similar in effect to board, lodging, or rent furnished in addition to the wages paid. . . . The usual tips have come to be considered as a part of the cost of entertainment at a hotel, upon a sleeper or public conveyance, and it is realized both by the person paying and receiving them that it is a part payment of the wages which the employer compels the persons served to pay. In effect, therefore, the employer and not the employee alone is benefited by the patrons of the company. . . . The court should treat these tips in the same manner as the employer and employee treat them, as a part of the compensation to be received by the employee for the services rendered the employer—a part of the wages, a part of the average annual earnings of the employee."

We are satisfied with the reasoning and conclusion of the foregoing authorities and with the action of the respondent herein which was based thereon. We are also satisfied that the policy of the petitioner herein covers the entire liability imposed upon the employer by the terms of the California statute.

The award of the commission is affirmed.

Waste, P. J., and Kerrigan, J., concurred.